IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| The Gates at Williams-Brice Condominium Association and Katherine Swinson, individually, and on behalf of all others similarly situated,<br><br>   Plaintiffs,<br><br> v.<br><br>Quality Built, LLC, and Coast to Coast Engineering Services, Inc. d/b/a/ Criterium Engineers,<br><br>   Defendants. | C/A No. 3:16-cv-02022-CMC<br><br><br>Opinion and Order<br>Granting Motion to Remand<br>(ECF No. 19) And Denying Fees |

This matter is before the court on Plaintiffs' motion to remand and for an award of attorneys' fees. ECF No. 19. Plaintiffs argue removal was improper for a variety of procedural reasons including (1) the "consent" to removal filed by Defendant Quality Built, LLC ("Quality Built" or "Quality Built, LLC") is defective because it includes a reservation of a right to move for remand, (2) Quality Built's purported consent is untimely because it was filed more than thirty days after Defendant Coast to Coast Engineering Services, Inc. d/b/a Criterium Engineers ("Criterium") was served with the Complaint, and (3) removal is time-barred by 18 U.S.C. § 1446's one-year limitation on removal of diversity actions.[1]

For the reasons set forth, below, the court grants the motion to remand on the first two grounds (inadequate and untimely consent). The court addresses but reaches no conclusion as to

---

[1] These grounds are listed in the order addressed below, rather than in the order presented by Plaintiffs. Plaintiffs also include a fourth argument, that doubts about the propriety of removal should be resolved in favor of remand. The court considers this argument as further support for the first three arguments, rather than as a separate ground for removal.

the third ground (application of Section 1446's one-year limitation).  Finally, because Criterium did not act unreasonably in removing the action, the court denies Plaintiffs' request for fees.

## BACKGROUND

Through this action, Plaintiffs seek recovery for Defendants' alleged failure to ensure quality control in the construction of a 158 unit condominium complex.  The matter was originally filed in state court in December 2013.  The complaint named a single Defendant, Quality Built, which entity was served in January 2014. ECF No. 9-1.  The original complaint did not specifically allege an amount in controversy, though it did allege widespread damage resulting from water penetration and "spalling" in the condominium complex and sought punitive damages under one cause of action.  *Id.* ¶¶ 13-15, 41.

Quality Built did not remove the matter from state court.  Its counsel, instead, wrote Plaintiffs' counsel in late January 2014 asking Plaintiffs to dismiss the action with prejudice because the party to the contract at issue was "Qualitybuilt.com," not Quality Built, LLC.  ECF No. 19-2 (letter dated January 28, 2014).  Defense counsel explained that Quality Built, LLC had purchased "substantially all of the assets of Qualitybuilt.com . . . free and clear of all Claims (except for specified Assumed Liabilities)" and described Qualitybuilt.com as a "California corporation and debtor-in-possession[.]" *Id.*

Plaintiffs declined the invitation to dismiss the action but do not appear to have taken more than minimal action to advance the state-court litigation until October 29, 2015.  *See* ECF No. 19-1 at 2, 3 (discussing background and indicating no activity other than service of one set of discovery with the complaint between the time of service and October 29, 2015).  On that date, twenty-two months after the initial complaint was filed, Plaintiffs' counsel wrote Quality Built's

2

counsel stating Plaintiffs would move for default judgment if no answer was filed by November 6, 2015. ECF No. 19-4.

The following day, Plaintiffs moved to amend the complaint to add Criterium as a Defendant and assert a successor liability theory against Quality Built. ECF No. 19-5 (motion to amend filed October 30, 2015).[2] The motion to amend remained open for some time and was ultimately resolved by consent on or about May 16, 2016. The amended complaint was filed shortly thereafter, on May 19, 2016, and served on Criterium on May 24, 2016. Thus, the matter had been pending in the state court for nearly two and a half years at the point Criterium was brought into the action. ECF No.1 ¶¶ 2, 3. In the interim, on November 24, 2015, Quality Built, LLC filed an answer to the original complaint. ECF No. 9-2 (Answer filed November 24, 2015); ECF No. 19-1 at 3, 4 (discussing background).

Criterium filed a Notice of Removal on June 17, 2016, less than thirty days after it was first served. ECF No. 1. The notice of removal relied on diversity as the basis for subject matter jurisdiction. Criterium filed a motion to dismiss concurrently with the Notice of Removal. ECF No. 4.

Criterium's Notice of Removal addressed citizenship by providing places of "incorporation" and listing principal places of business for both Defendants despite one being a limited liability company ("LLC"). ECF No. 1 ¶¶ 6, 7. The removal papers did not address whether Quality Built consented to the removal.

---

[2] The addition of Criterium was apparently prompted by information Plaintiffs learned in August 2014, when they deposed Quality Built, LLC's president in a related action. *See* ECF No. 19-1 at 2. Thus, Plaintiffs became aware of facts necessary to support joinder of Criterium no later than eight months after this action was filed in state court and waited another fourteen months before taking any action to add Criterium as a Defendant.

3

On June 20, 2016, the court entered a docket text order noting deficiencies in the allegations necessary to support *subject matter jurisdiction*. That order read, in relevant part, as follows:

> TEXT ORDER: The *jurisdictional allegations* of the removal papers are deficient in that they fail to provide information necessary to determine the citizenship of Quality Built, LLC. Citizenship of a limited liability company is determined by the citizenship of ALL of its members (and, as necessary, citizenship of each member's upstream members or partners), not the state of formation and principal place of business. The removing party shall be allowed until June 24, 2016, to file a supplemental jurisdictional statement curing this deficiency. Failure to do so will result in remand.

ECF No. 6 (emphasis added). On June 23, 2016, Criterium filed a supplemental jurisdictional statement addressing the identity and citizenship of Quality Built's members. ECF No. 7.[3]

On June 24, 2016, Quality Built filed a document stating it "joins/concurs in the Notice of Removal" filed by Criterium. ECF No. 9. This document also included the following statements: "Quality Built, LLC . . . consents to removal of the above-entitled cause of action . . . as if [it] had executed the Notice of Removal as a joint removing party. Defendant, Quality Built, LLC, *reserves the right to move to remand* this cause of action if Defendant, [Criterium] is dismissed from this cause of action." ECF No. 9 at 1 (emphasis added).

On June 28, 2016, Plaintiffs filed a Motion to Delay Briefing (ECF No. 11) on Criterium's Motion to Dismiss. The reason for the requested delay was Plaintiffs' stated intent to seek remand.

---

[3] While a substantial improvement, the information provided arguably remained inadequate to determine the citizenship of one of Quality Built's members, which was identified as follows: "REG Trust, Florida is the situs of the trust, and the trustee, Garth Michaelis, is a Florida resident." *See Americold Realty Trust v. Conagra Foods*, Inc., 136 S. Ct. 1012, 1015-16 (2016) (holding citizenship of an unincorporated real estate investment trust formed under Maryland law is coextensive with the citizenship of all its members including shareholders but noting traditional trusts may sue and be sued in the name of the trustees). In light of Plaintiffs' stated intent to seek remand, expressed shortly after this supplement was filed, the court did not seek further clarification of the nature of the trust and need not do so now as the matter is remanded on other grounds.

4

*Id.* The court granted the Motion to Delay Briefing. ECF No. 12. Plaintiffs, thereafter, filed the present Motion to Remand, which has been fully briefed. ECF No. 19 (motion and memorandum), 22 (response), 23 (reply).

**STANDARD**

The burden of demonstrating jurisdiction resides with "the party seeking removal." *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004) (citing *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994)). The court is obliged to construe removal jurisdiction strictly because of the "significant federalism concerns" implicated. *Id.* Courts "should 'resolve all doubts about the propriety of removal in favor of retained state jurisdiction.'" *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 425 (4th Cir. 1999) (holding, in addressing fraudulent joinder argument, district court erred by certifying a doubtful claim to the state's supreme court because court should "resolve all doubts about the propriety of removal in favor of retained state court jurisdiction."); *see also Strawn v. AT&T Mobility, LLC*, 530 F.3d 293, 296 (4th Cir. 2008) (holding Class Action Fairness Act did not change long-standing rule that "it is the [removing] defendant who carries the burden of alleging in his notice of removal and, if challenged, demonstrating the court's jurisdiction over the matter").

The same rule applies to procedural deficiencies as jurisdictional deficiencies, so long as the procedural challenge is timely raised by a party. *See Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1046-47 (11th Cir. 2001). As explained in *Russell*, "[l]ike all rules governing removal, th[e] unanimity requirement must be strictly interpreted and enforced because of the significant federalism concerns arising in the context of federal removal jurisdiction." *See also Stasio v. Saxon Mortg. Svcs. Inc.*, C.A. No. 2:12-cv-2797-DCN, 2013 WL 1787041(D.S.C. April

5

26, 2013) (applying rule in remanding based on challenge to timing and adequacy of co-defendants' consents to removal).

**DISCUSSION**

For the reasons set forth below, the court finds removal procedurally defective both because Quality Built's consent was qualified and because the consent was untimely. In reaching these conclusions, the court has considered Plaintiffs' argument that uncertainty should be resolved in favor of remand. Accordingly, the court grants Plaintiffs' motion to remand.

Because it impacts the decision to deny fees, the court also addresses Plaintiffs' argument that Section 1446(c)(1) bars removal of this action. This argument rests on the premise Section 1446(c)(1)'s one-year limitation on removal applies to all actions removed on the basis of diversity. Criterium's arguments for a contrary interpretation are, at the least, reasonable. For this and additional reasons, the court finds Criterium did not act unreasonably in removing the action and, therefore, denies Plaintiffs' request for an award of fees and costs.

**I.     Adequacy of Consent**

The procedure for removal is set out in 28 U.S.C. § 1446, which was substantially modified in late 2011 and now reads, in relevant part, as follows:

> (b)  Requirements; generally. – (1)  The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . ;
>
> (2)(A)  When a civil action is removed solely under section 1441(a), *all defendants who have been properly joined and served must join in or consent to the removal* of the action.
>
> (B)  Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.

6

> (C) If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal.

28 U.S.C. § 1446(b) (2011).[4]

The 2011 amendments resolve a circuit split as to whether a later-served defendant may remove an action despite expiration of an earlier-served defendant's time for removal. *See id.*; *Barbour v. Int'l Union*, 640 F.3d 599, 609 (4th Cir. 2011) (pre-amendment decision addressing different approaches and reaffirming the Fourth Circuit's "*McKinney* Intermediate Rule").[5] They also codify the related long-standing, judicially-crafted "rule of unanimity," which requires that all defendants join in or consent to removal. *See* 28 U.S.C. § 1446(b)(2)(A) (quoted above); *Fletcher v. Hamlet*, 116 U.S. 408, 410 (1886) ("There can be no removal by the defendants unless they all join" in removal).

The amended statute does not address the form consent must take. Neither does it expressly address when consent must be filed if separate from the notice of removal.

---

[4] The 2011 amendments apply to actions commenced after January 6, 2012. *See* 28 U.S.C. § 1446, Historical and Statutory Notes, Effective and Applicability Provisions for 2011 Acts. Thus, they clearly apply to this action which was commenced in state court in 2013 and removed to this court in 2016.

[5] As noted in *Wheeling Hosp., Inc. v. Health Plan of the Upper Ohio Valley, Inc.*, 683 F.3d 577 (4th Cir. 2012), the 2011 amendments to Section 1446 supercede *Barbour*'s holding that later-served defendants may not remove if any earlier-served defendant's time to remove has expired. This is one aspect of the *McKinney* Intermediate Rule. The rule also allows later-served defendants thirty days from their receipt of service to file a consent to an earlier removal. This aspect of the rule is not superceded by the 2011 amendments to Section 1446 as the amended statute does not address when consents must be filed.

7

### A.     Ambiguity of Consent

Plaintiffs argue Quality Built's consent is ambiguous and ineffective because it reserves the right to move to remand if Criterium is dismissed from the action. ECF No. 19-1 at 12 (relying, inter alia, on *Mayo v. Bd of Educ of Prince George's Cnty.*, 713 F.3d 735, 741-42 (4th Cir. 2013)).[6] Criterium responds that the reservation of a right that exists in any event, the right to make a motion, does not render the consent to removal ambiguous or ineffective.

Each side presents a plausible argument on the effect of Quality Built's proffered consent. Unfortunately, neither party directs the court to any authority addressing whether reservation of a right to move to remand renders a consent to removal ineffective. The court, likewise, has found no authority and therefore considers the issue as one of first impression.

It may be debatable whether Quality Built's consent is better characterized as an ambiguous or an *unambiguously limited* consent. Regardless of the characterization, the added language clearly limits the consent in a way that, at the least, risks future procedural complications and delay in the event Criterium is dismissed from the action.[7]  If that occurs, Quality Built may argue remand is warranted because the consent was limited, or even that consent *was never valid* because of the limitation. The possibility of the latter argument is particularly troubling as it would, if

---

[6] Plaintiffs rely on *Mayo* for the proposition that the consent itself must be unambiguous. The actual holding in *Mayo* is that "notice of removal signed and filed by an attorney for one defendant representing *unambiguously* that the other defendants consent to the removal satisfies the requirement of unanimous consent." *Id.* (emphasis added). Although decided in 2013, *Mayo* applied the pre-amendment version of Section 1446 due to the date on which the action was filed. *Mayo*, 713 F.3d at 740-741 n.1. The court, nonetheless, stated its analysis "would be unchanged [under] the current version of the statute." *Id.*

[7] As Criterium has a pending motion to dismiss, the possibility is more than theoretical.

successful, likely render intervening rulings of this court void.[8] *See generally Ellenberg v. Spartan Motors Chassis, Inc.* 519 F.3d 192 (4th Cir. 2008) (noting, in discussing limitation on review of remand orders, that the underlying policy "disfavors prolonged interruptions to litigation created by litigating which of two otherwise legitimate courts should resolve the disputes between the parties").

In sum, regardless of what, if any, rights the added language in Quality Built's consent actually preserves, it remains limiting language that raises doubts about the adequacy of the consent and, consequently, the propriety of removal. Applying the general rule that doubts should be resolved in favor of remand, the court finds Quality Built's inclusion of a reservation of a right to move to remand renders its "consent" ineffective.

### B.     Untimely Consent

As noted above, Criterium's Notice of Removal, which was filed on June 17, 2016, did not address whether Quality Built joined in or consented to removal. The issue was, instead, first addressed when Quality Built, LLC filed its Consent to Removal on June 24, 2016. This filing occurred thirty-one days after Criterium was served, thus, one day after Criterium's deadline for filing a notice of removal.

Plaintiffs assert the one-day delay causes Quality Built, LLC's consent to be untimely. ECF No. 19-1 at 14 (citing *Moore v. Svehlak*, No. ELH-12-2727, 2013 WL 3683838 *14 (D. Md.

---

[8] It is of some note that Quality Built has filed nothing in response to the motion to remand. It has, most critically, failed to join Criterium in arguing that the reservation of rights has no effect on removal.

July 11, 2013)).[9]  Plaintiffs also argue untimely consent is not a curable defect, so long as Plaintiffs raise the procedural defect within the thirty days allowed for such challenges under 28 U.S.C. § 1447(c).  ECF No. 19 at 15 (citing *Hurt v. D.C.*, 869 F. Supp. 2d 84, 86 (D.D.C. 2012) ("A failure by defendants to obtain timely unanimous consent for removal is not a curable defect if the plaintiff objects to that removal within the thirty days granted under 28 U.S.C. § 1447(c).").

Criterium responds that (1) the removal statute does not set a deadline for earlier-served co-defendants to consent to removal; (2) any argument *Mayo* implicitly held the thirty-day deadline for filing a notice of removal applies to consents is "unsupported speculation"; and (3) non-compliance with the rule of unanimity is a waivable error rather than a defect in subject matter jurisdiction..  ECF No. 22 at 6-7.  Criterium also argues the short delay in filing does not warrant remand.  *Id.* at 7.  Finally, Criterium suggests the one-day delay should be excused because the court had "given Criterium until the day Quality Built filed its Consent to Removal to fix deficiencies in its removal papers[.]"  *Id.* at 7-8.

**Reliance on Docket Text Order.**  The court addresses Criterium's last argument first.  The docket text order on which Criterium purports to rely noted *deficiencies in pleading jurisdictional facts*, and afforded Criterium an opportunity to cure the specifically-noted deficiencies.  Thus, it addressed issues relating to subject matter jurisdiction, which the court may raise and resolve sua sponte, not procedural deficiencies, which the court may not resolve absent a timely motion by

---

[9] In *Svehlak*, the court accepted plaintiff's argument that consent was due on the later of (1) when the notice of removal was filed, or (2) thirty days after the consenting defendant was served.  Although not directly relying on *Mayo*, the court noted *Mayo* "appears to be in accord with this interpretation."  Plaintiffs' argument here is somewhat more generous as it would set the first alternative as the last day the notice of removal *could have been timely* filed rather than the earlier date on which it was actually filed.

plaintiff or a co-defendant. *See Ellenberg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196-97 (4th Cir. 2008) (explaining, in discussing limitations on review of remand orders, that district court may remand for lack of subject matter jurisdiction sua sponte but may remand for procedural defects only when raised by motion made within thirty days of removal). Most critically, the docket text order says nothing about the absence of consent. Under these circumstances, neither Criterium nor Quality Built could have reasonably relied on the docket text order as an extension of the time allowed for filing consent.[10]

**Timeliness**. As noted above, amended Section 1446 now allows each defendant thirty days from its date of service to initiate removal. It also allows earlier-served defendants, even those whose time to remove has expired, to join in or consent to that removal. It does not set a specific deadline for when consent of an earlier-served defendant must be filed.

This raises several possibilities. First, given the reference to joining in or consenting to the notice of removal, the deadline could be the date the notice of removal was actually filed or, if later, the date it was due (thirty days after the removing defendant was served). Here, the notice was filed on June 17, 2016, and the deadline for filing was June 23, 2016. The consent was filed on June 24, 2016, and, consequently, did not meet either of these potential deadlines.

Second, if a co-defendant's own time for removal has not expired, the deadline for that defendant to consent could be thirty days after it was served.[11] Such a rule is consistent with the

---

[10] Quality Built has filed nothing in response to the motion to remand. The record is, in any event, silent as to whether Quality Built, the entity which filed the late consent, even claims it delayed filing based on the docket text order.

[11] This circumstance would most often arise when a later-served defendant files a consent, though it could theoretically apply to an earlier-served defendant if the notice of removal is filed prior to the removing defendant's deadline.

11

portion of the Fourth Circuit's *McKinney* Intermediate Rule that was not superceded by statute. *See generally Barbour*, 640 F.3d at 613 (noting, in reaffirming the *McKinney* Intermediate Rule, that it is "in line with admonitions from the Supreme Court and this court that we should construe removal statutes narrowly and [resolve doubts] in favor of state court jurisdiction"); *McKinney v. Bd.of Trustees of Maryland Commun. Coll.*, 955 F.2d 924, 928 (4th Cir. 1993) (holding defendants served after the notice of removal is filed may file their consent within thirty days of their receipt of the complaint). In the present case, Quality Built was served years prior to removal. Thus, Criterium cannot argue Quality Built's consent was filed within this potential, alternative deadline.

Criterium suggests no other basis for determining a specific deadline for when consent must be filed, leaving only the possibility that the "deadline" is an unspecified "reasonable" time after notice of removal or no deadline at all. Such an uncertain or open-ended deadline is inconsistent with prior practices, such as that expressed in *McKinney* (allowing later-served defendants thirty days to file consents after receipt of complaint).

This court finds the reasoning in *Svehlak* persuasive on this point. There, the court explained that interpreting § 1446 to require consent within an unspecified reasonable time "is divorced from the text of § 1446 and is inconsistent with *Barbour*," which allowed later-served defendants a thirty-day window to consent or join the removal. *Svehlak*, slip op. at * 13. The court also agrees with *Svehlak*'s observation that *Mayo*, while not directly addressing the issue, is consistent with requiring separate consents be filed within the time for removal if the consenting co-defendant's own time to remove has expired.[12] As did *Svehlak*, this court concludes that the

---

[12] The *Mayo* court was presented with two potential forms of consent, the removing attorney's unambiguous statement in the notice of removal that all co-defendants consented and the co-

deadline for indicating consent of co-defendants is the later of when the notice of removal is due or within thirty days of when the consenting defendant was first served.[13] This interpretation is in harmony with the Fourth Circuit's prior recognition of a thirty-day consent period for later-served defendants and provides a firm deadline while affording defendants the benefit of the later of the two potential deadlines.

**Opportunity to Cure.** While Criterium points to no authority for an open ended deadline, it cites two district court cases which allowed parties to cure a failure of timely and adequate consent or excused short delays. *See* ECF No. 22 at 7. The more recent case, *Sea World, LLC v. Seafarers Inc.*, ___ F. Supp. 3d __, 2016 WL 3258360 (D.P.R. June 10, 2016), held that a two-day delay in filing consent did not require remand.[14] *Id.* at *3 (("[G]ranting Sea World's motion to remand based on Aza's two-day delay would not serve the purpose of the unanimity requirement or the interest of justice. Although it would have been preferable that Aza had timely joined the notice of removal, we hold that its subsequent written consent suffices to cure the defect stemming from its belatedness.") (footnote omitted)). In reaching this conclusion, the district court relied on the First Circuit's decision in *Esposito v. Home Depot U.S.A., Inc.*, 590 F.3d 72 (1st Cir. 2009),

---

defendants' own later-filed statements of consent. *See Mayo*, 713 F.3d at 742, n.2. Plaintiffs argued the latter were untimely. *Id.* Rather than relying on the co-defendants' consents, the court addressed whether removing counsel's statement in the notice of removal sufficed, and held that it did. Had the court considered the co-defendants' consents timely, there would have been no need to address this issue. Thus, while only an inference, the Fourth Circuit appears either to have considered the consents untimely or at least to have presented the closer question.

[13] *Svehlak* referred to the first limit as when the notice of removal was filed, rather than when it was due. For purposes of this order, the court assumes that an early-filed removal does not shorten the time for consent.

[14] This "holding" is arguably dicta as the consent at issue was filed by a party the court held was fraudulently joined.

13

which declined to adopt a "wooden rule" where the co-defendant had filed an answer in federal court within the time to consent and had later opposed plaintiff's motion to remand, removing any doubt that it preferred the federal court forum. The First Circuit also considered the post-judgment stage of the proceedings at the time the issue was raised on appeal as favoring retained jurisdiction. *Id.* at 77 ("In a case such as this one, where the parties have already invested valuable resources in pursuing this litigation in federal court and where a remand to state court would not serve the purposes of the unanimity requirement, reaching an opposite conclusion would place form before substance."). It, nonetheless, noted that by failing to strictly comply with the consent requirements, defendants "ran the risk that the district court might find a breach of the unanimity requirement and remand this action to the state court, a decision we would have been powerless to review." *Id.* In sum, while *Sea World* and *Esposito* provide some support for a flexible approach to technical deficiencies under limited circumstances, they do not mandate this court excuse a delay when the issue is raised by timely motion to remand.

The earlier decision on which Criterium relies, *Save-A-Life Foundation, Inc. v. Heimlich*, 601 F. Supp. 2d 1005 (N.D. Ill. 2009), stated in a footnote that the parties could cure a procedurally defective representation of consent after the otherwise applicable deadline by filing appropriate individual consents. *Id.* at 1007 n.8. While plaintiff there challenged removal on procedural grounds, there is no indication that the delay in filing consents was one of those grounds. Thus, this particular procedural error may have been waived. More critically, the cases *Save-A-Life* cites in support of allowing a belated cure interpret 28 U.S.C. § 1653, which provides "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." This statute would not appear to apply to consent, which is a procedural requirement, rather than an "allegation of jurisdiction."

14

This court does not, in any event, find these cases persuasive. This is, in part, because imposing a strict thirty-day deadline to raise procedural defects as a basis for remand is implicitly inconsistent with allowing the removing parties an open-ended deadline for meeting the procedural requirements. Excusing delay because it is short is also inconsistent with the various thirty-day deadlines included in the statute and the Fourth Circuit's long-standing practice of requiring consent within thirty days of the relevant trigger event. *See*, *e.g.*, *McKinney*, 955 F.2d at 928.

Other courts have reached the same conclusion. For example, in *Hurt*, the district court held "[a] failure by defendants to obtain timely unanimous consent for removal is not a curable defect if the plaintiff objects to that removal within the thirty days granted under 28 U.S.C. § 1447(c)." *Hurt*, 869 F. Supp. 2d at 86 (relying on general rule that doubts should be resolved in favor of remand). More recently, in *Easter-Greene v. Verizon Maryland, LLC*, 2014 WL 3723228 (D. Md. 2014), the district court held that a removing defendant could not cure the absence of adequate consent by filing an amended notice of removal. In reaching this conclusion, the court distinguished cases that allowed parties to cure "technically defective jurisdictional allegation[s] in timely filed removal petition[s]" based on 28 U.S.C. § 1653 and noted the absence of any appellate authority for allowing parties to cure a defect in the unanimity requirement. *Id.* at *6 (noting Section 1653 provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.").

For the reasons set forth above, the court finds that there is no flexibility in the time allowed for consent so long as the party seeking remand raises the deficiency within thirty days of removal.

**No Waiver.** Criterium argues that timeliness of consent is a waivable procedural defect. While the point is correct, it does not aid Criterium in opposing remand as Plaintiffs filed a timely

15

motion seeking remand on grounds including the untimeliness of the consent. The facts do not, therefore, support a finding of waiver.

**Conclusion as to Consent.** For the reasons explained above, the court finds Quality Built's consent to removal insufficient and untimely. To the extent the question might be considered a close one, this outcome is favored by the general rule that doubts should be resolved in favor of remand.

## II.    Untimeliness of Removal

Plaintiffs also argue removal is barred by 28 U.S.C. § 1446(c)(1), which Plaintiffs characterize as barring removal of any action based on diversity jurisdiction more than a year after the action was filed in state court. Because the court remands on other grounds, it need not ultimately resolve whether Section 1446's one-year limitation applies to the present action. The court, nonetheless, addresses the argument because it is germane to whether Criterium's removal warrants a fee award.

In arguing Section 1446 applies, Plaintiffs rely primarily on the following language found in *Lovern v. General Motors Corp.*, 121 F.3d 160, 161-63 (4th Cir. 1997):

> In diversity cases, the statute explicitly safeguards against such a strategic delay by erecting an *absolute bar to removal of cases in which jurisdiction is premised on 28 U.S.C. § 1332 "more than 1 year after commencement of the action."* 28 U.S.C. § 1446(b). This bar creates, we believe, a sufficient incentive for defendants promptly to investigate the factual requisites for diversity jurisdiction, including the citizenship of the plaintiff and the amount in controversy."

*Id.* at 163 (emphasis added).

Criterium argues Section 1446(c)'s limiting language applies only to cases that were not removable when filed, an issue that was not addressed in *Lovern* despite its broad language. ECF No. 25 at 2-5. Criterium also directs the court to multiple cases interpreting the prior version of

Section 1446 as Criterium argues it should be construed. Finally, Criterium notes that the 2011 revisions to Section 1446 favor its interpretation.

The current version of Section 1446(c)(1) reads, in relevant part, as follows: "A case may not be removed *under subsection (b)(3)* on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." *Id.* (emphasis added). Subsection (b)(3), in turn, provides that, subject to the exception stated in (c), "*if the case stated by the initial pleading is not removable,* a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is . . . removable." 28 U.S.C. § 1446(b)(3). Thus, the plain language of the statute appears to support Criterium's argument that, read with Section 1446(b)(3), the one-year limit on removal in Section 1446(c) applies only to cases that were not initially removable, and is inapplicable here because this case was always removable.[15]

At least six appellate courts interpreted Section 1446(c) to be so limited prior to the 2011 amendments. *See* ECF No. 22 at 3 (citing *King v. Flinn & Dreffein Engr. Co.*, 675 F. Supp. 2d 642 (W.D. Va. 2009) (citing decisions from six circuits holding the one-year limit does not apply to cases that were removable when filed and reaching the same conclusion after characterizing

---

[15] It appears to be undisputed that complete diversity was apparent from the face of the original complaint, at least to Quality Built, which would be aware of the citizenship of its own members. Plaintiffs, nonetheless, argue all requirements for diversity were not apparent because they did not allege an amount in controversy. Thus, they argue the one-year bar applies even under Criterium's interpretation. This point is debatable given the nature of the claimed damages and the pursuit of punitive damages. Even if the matter was not initially removable, Criterium may have found some relief under Section 1447(c)'s now-codified bad-faith exception given Plaintiffs' long delay in joining Criterium despite learning of its alleged involvement well within the first year of the litigation. Because the court remands on other grounds, it need not address these issues.

*Lovern*'s reference to an absolute bar as dicta)). At least one district court within the Fourth Circuit has recently interpreted the limit as Criterium argues it should be interpreted. *See Ross v. Lee*, 2016 WL 521529 (E.D. Va. Feb 5, 2016) ("Although the Fourth Circuit has not definitively addressed this issue, district courts in the Fourth Circuit have concluded that the one-year limit only applies to cases that are not initially removable when commenced, e.g., to cases in which a non-diverse defendant is only dismissed after several months of litigation.").

Criterium's argument that the one-year bar does not apply is at least reasonable and well supported by substantial authority. The court does not, ultimately, resolve the issue but does consider the reasonableness of Criterium's arguments in assessing Plaintiffs' request for fees and costs.

**4.     Attorneys' Fees**

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005); *see also In re Lowe*, 102 F.3d 731, 733 (4th Cir. 1996) (finding an award of attorneys' fees and costs appropriate under Section 1447(c) where "'a cursory examination . . . would have revealed' a lack of federal jurisdiction.") (citation omitted).

In this case, Criterium had a reasonable basis for the assertion of federal subject matter jurisdiction, a point that is not challenged in the motion to remand.[16] Plaintiffs' challenges relate

---

[16] While the court noted deficiencies in the specific factual allegations supporting subject matter jurisdiction through its docket text order, these deficiencies were timely cured (with the possible

18

solely to alleged procedural defects, which Plaintiffs could have but did not waive. The very possibility of waiver weighs against, though the court assumes it does not preclude, an award of fees.

Even without consideration of the possibility of waiver, the court would deny fees. This is because there is no controlling authority clearly requiring remand on any of the grounds argued. Rather, the two grounds on which remand is granted (inadequacy and untimeliness of consent) present novel issues that are resolved, in part, based on the rule that doubts should be resolved in favor of remand. While ultimately unsuccessful, Criterium's arguments on these issues were not unreasonable.[17]

Further, on at least the issue of the one-year limitation on removal of diversity cases, Criterium's argument is supported by substantial authority. The court has not, in any event, remanded on that basis. Under these circumstances, it cannot be said that Criterium lacked an objectively reasonable basis for removal. It follows that an award of attorneys' fees would be inappropriate.

---

remaining issue as to the Trust). The motion to remand does not, in any event, challenge the existence of subject matter jurisdiction.

[17] The untimeliness and inadequacy of Quality Built's consent were at least partially beyond Criterium's control. While Criterium certainly should have sought consent prior to filing its notice of removal, it did not necessarily control when or in what form an anticipated separate consent would be filed.

**CONCLUSION**

For the reasons set forth above, this matter is remanded to the state court from which it was removed. The parties should draw the pendency of Criterium's motion to dismiss to the attention of the state court on remand.

IT IS SO ORDERED.

s/ Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
Senior United States District Judge

Columbia, South Carolina  
September 7, 2016

20